Martin Gnatek, Plaintiff in Error, v. Chicago Rail-
ways Company, Defendant in Error.

Gen. No. 17,762.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. HOMER
ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1911. Affirmed. Opinion filed October 15, 1913.

## Statement of the Case.

Action by Martin Gnatek against Chicago Railways
Company, a corporation, to recover for injuries sus-
tained by plaintiff by reason of a car belonging to de-
fendant colliding with a wagon driven by plaintiff.
From a judgment for defendant of not guilty, plaintiff
brings error.

BRADY & LEVY, for plaintiff in error; MATTHEW P.
BRADY, of counsel.

PHILIP ROSENTHAL, FRANK L. KRIETE and WILLIAM
H. SYMMES, for defendant in error; JOHN R. GUIL-
LIAMS, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion
of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 131*—*sufficiency of the evidence.* Evi-
dence *held* sufficient to sustain verdict of jury that street car com-
pany was not guilty in an action for injuries resulting from collision
with a wagon.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

2. NEGLIGENCE, § 226*—*when instruction on contributory negligence proper.* Instruction that if plaintiff was injured while and because he was not in the exercise of ordinary care for his own safety, as an ordinary prudent and cautious person would exercise under the same circumstances, he could not recover, *held* proper.

3. NEGLIGENCE, § 226*—*when instruction does not ignore question of defendant's negligence.* An instruction that if the jury believes from the evidence that the sole cause of injury to plaintiff was his own negligence he cannot recover, *held* not erroneous because it ignores the question of defendant's negligence.

4. INSTRUCTIONS, § 162*—*words construed.* Words "established his case" in an instruction, *held* not objectionable as not being equivalent to "establishing the issues essential to the maintenance of the action."